UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LAURA KENNON                                                                                      PLAINTIFF

V.                                              NO. 3:19CV00080-JTR

ANDREW SAUL,
Commissioner of Social Security Administration                          DEFENDANT

## ORDER

**I. Introduction:**

Plaintiff, Laura Kennon ("Kennon"), applied for disability benefits on July 27, 2016, alleging disability beginning on April 29, 2016. (Tr. at 11). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 18). The Appeals Council denied her request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

**II. The Commissioner's Decision:**

The ALJ found that Kennon had not engaged in substantial gainful activity since the alleged onset date of April 29, 2016. (Tr. at 13). At Step Two, the ALJ found that Kennon has the following severe impairments: degenerative disc disease,

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

osteoarthritis, and hypothyroidism. *Id*.

After finding that Kennon's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Kennon had the residual functional capacity ("RFC") to perform work at the sedentary level, but she could only occasionally stoop, kneel, crouch, and crawl. (Tr. at 14). Additionally, she could only occasionally climb stairs and perform overhead reaching, and she could never climb ladders. *Id*.

The ALJ found, based on Kennon's RFC, that she was capable of performing past relevant work as president/chief executive officer. (Tr. at 17). Thus, the ALJ held that Kennon was not disabled. *Id.*

### III. Discussion:

A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's

decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d. at 477.

    B.   Kennon's Arguments on Appeal

Kennon contends that substantial evidence does not support the ALJ's decision to deny benefits. Specifically, she argues that: (1) the ALJ ignored relevant medical evidence and failed to even mention the consultative medical examiner's report; (2) the ALJ failed to give proper weight to the opinion of Kennon's treating physician; (3) the ALJ did not fully consider Kennon's lengthy work history; and (4) the RFC did not fully incorporate Kennon's limitations. The Court finds support for reversal.

In 1998, Kennon underwent a discectomy at L4-5, (Tr. at 489, 586). In 2012, she had another surgery at L5-S1. *Id*. While Kennon worked up until her alleged onset date, she still had significant back pain and undertook physical therapy. *Id*.

3

She received regular chiropractic care from 2015 through 2017. (Tr. at 330-367, 368-420, 426-479). Back pain continued in spite of treatment. *Id.*

Multiple objective imaging tests showed severe back problems. A September 2016 CT of the lumbar spine showed "worsening degenerative disc disease with severe disease at L5-S1," posterior disc osteophyte complex, and moderate facet osteoarthritis. (Tr. at 324). It also showed bilateral neural foraminal narrowing with encroachment on the exiting L5 nerve roots and L5 radiculopathy. *Id.* Kennon's treating physician, Dr. Michael Tedder, M.D., administered a Decadron injection and prescribed Tramadol for pain. (Tr. at 546).

A July 2017 myelogram of the lumbar spine revealed posterior disc bulge of L5-S1 and mild flattening of the thecal sac. (Tr. at 657-658). A CT scan showed moderate to severe foraminal narrowing. (Tr. at 659-660). X-rays of the cervical spine taken in August 2017 showed degenerative disc narrowing at C5-6 and C6-7 with anterolisthesis. (Tr. at 650). A more recent CT/myelogram showed collapse at L5-S1, C5-6, and C6-7. (Tr. at 776).

On January 16, 2017, Dr. Samuel Meredith, M.D., performed a consultative examination at the request of the Social Security Administration. (Tr. at 489). He noted that Kennon walked with an antalgic limp and struggled to get out of her chair and on and off the exam table. *Id.* She had significantly limited range of motion in

her hip and spine. (Tr. at 488). She had pain with the straight-leg raise test. (Tr. at 489). Kennon said she could only stand for 10-15 minutes and she had radicular pain. *Id*. Dr. Meredith wrote that the MRI report showed significant degenerative disc disease at L5-S1 with disc facet complex which had worsened over time according to comparison studies. *Id*. Dr. Meredith diagnosed chronic degenerative back pain with sciatica. *Id*. Dr. Meredith concluded that "impairments include walking, standing, squatting, lifting, and reaching." *Id*. This opinion fails to grade the impairments, as is typical protocol for consultative reports (usually the limitations are rated as mild, moderate, or severe, or the examiner states for how long the claimant can stand, walk, etc.).

The ALJ did not mention this consultative examination or opinion, even though it was performed as requested by the Social Security Administration. This was error. The ALJ has an obligation to consider all the evidence and not just that which supports his position. *Vossen v. Astrue*, 612 F.3d 1011 (8th Cir. 2010). Moreover, the consultative examination occurred almost two years before the end of the relevant time-period, which is important because Kennon's condition was noted to be worsening. On remand, strong consideration should be given to ordering another updated consultative examination, but certainly, at the least, upon remand the ALJ should discuss the opinion of Dr. Meredith.

Dr. Tedder opined in a medical source statement, dated January 19, 2017, that Kennon would be unable to work due to pain. (Tr. at 492). He said side effects from Tramadol would impair her and she would miss more than three days of work per month. (Tr. at 570-572). The ALJ gave this opinion little weight. (Tr. at 15).

Kennon tried multiple treatments, including physical therapy, chiropractic care, narcotic medication, Decadron injections, epidural steroid injections; additionally, she saw pain management and surgical specialists. A consistent diagnosis of chronic pain, coupled with a long history of pain management and drug therapy, supports Kennon's allegations of disabling pain. *Cox v. Apfel,* 160 F.3d 1203, 1208 (8th Cir. 1998). In spite of this treatment, Kennon still had difficulty performing activities of daily living.

The record reflects a credible claimant, with debilitating pain borne out by objective findings highlighting severe conditions. The ALJ neglected to discuss the consultative examiner report, and ignoring crucial relevant medical evidence is cause for reversal.

**IV.   Conclusion:**

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial

evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court finds that the ALJ's decision is not supported by substantial evidence, because the ALJ did not discuss the opinion of Dr. Meredith, and the consultative opinion was outdated. Upon remand, the ALJ should discuss and weigh Dr. Meredith's opinion and, if necessary, further develop the record by ordering a new consultative examination.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED and the case is REMANDED for further review.

DATED this 11th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE